United States *v.* C. J. Tower & Sons of Buffalo, N.Y. (No. 5059)[1]

United States Court of Customs and Patent Appeals, April 14, 1961

*George Cochran Doub*, Assistant Attorney General, *Richard E. FitzGibbon*, Chief, Customs Section (*Henry J. O'Neill* and *Richard H. Welsh*, trial attorneys, of counsel) for the United States.

*Barnes, Richardson & Colburn* (*Joseph Schwartz*, of counsel) for appellee.

Before Worley, Chief Judge, and Rich, Martin, and Smith, Associate Judges, and Judge William H. Kirkpatrick.[2]

Smith, Judge, delivered the opinion of the court:

A majority of the Third Division of the United States Customs Court (C.D. 2194) overruled the action of the Collector of Customs at the port of Buffalo, N.Y., in classifying Red Top seed under Par. 763 of the Tariff Act of 1930 as modified by T.D. 51802 as "bent-grass (genus agrostis)." The Government appeals and asks a reversal arguing:

1. Legislative history-wise and common meaning-wise the seed known as red top is within the purview of par. 763, as modified, *supra*, for "bent-grass seed (genus agrostis)".

2. Appellee, plaintiff below, has failed by its proof to overcome the presumption of correctness attaching to the Collector's classification in that the instant certificate of the Department of Agriculture is uncontrolling with respect to the classification findings and taken actions of the Collector herein, and appellee plaintiff therefore has otherwise failed to sustain its required two-fold burden of proof herein.

---

[1] C.A.D. 770.

[2] United States Senior District Judge for the Eastern District of Pennsylvania, designated to participate *in place, of Judge O'Connell*, pursuant to provisions of Section 294(d), Title 28, United States Code.

At the oral argument it was conceded by appellant that the imported seed is red top seed. Thus the only issue here presented is whether such seed should be classified under said par. 763 as modified, supra, as "bent-grass (genus agrostis)," or whether it should be classified under said paragraph as "grass seed and other forage seed crops, not specifically provided for."

The competing provisions of the tariff act are:

CLASSIFIED UNDER:

Paragraph 763 as modified by T.D. 51802:

| Tariff Act of 1930 paragraph | Description | Rate of Duty |
|---|---|---|
| 763 | Grass seeds and other forage crop seeds:<br> * * *<br>Bent-grass (genus agrostis)_____<br> * * * | 15¢ per lb. |

CLAIMED UNDER:

Paragraph 763 as modified by T.D. 54108:

| Tariff Act of 1930 paragraph | Description | Rate of Duty |
|---|---|---|
| 763 | Grass seeds and other forage crop seeds:<br> * * *<br>Grass and forage crop seeds not specifically provided for (except broom grass, fescue other than meadow fescue, and wheat grass)_____ | 0.9¢ per lb. |

Appellee as plaintiff below, called Mr. Jacobsen of Craver-Dickinson Seed Co. as a witness. Mr. Jacobsen has been in the seed business for 35 years and has bought and sold all kinds of seeds, including red top and bent-grass, which he has handled for 25 years.

He testified that both red top and bent-grass fall within the species known as "genus agrostis," but that there are these differences between the two varieties:

A. Well, in Red Top there is just Red Top. In your bent grasses, oh, there is probably a dozen different species of bent grass. There is a creeping type and a type that grows up right like any lawn seed. Red Top can be used for a hay crop or in a lawn seed mixture. There is a difference in price. Ordinarily, your bent grasses are a lot higher in value than the Red Top.

He testified also, that a farmer would use a mixture of alfalfa, timothy and red top to grow a hay crop but would not use bent-grass because it would not produce the hay that red top would.

Although bent-grass and red top are both used for lawn mixtures, in turf planting, Mr. Jacobsen testified that bent-grass is used "Strictly for a golf green or in better lawn seed mixtures," while red top in turf plantings is used "Strictly as a cover crop." The witness had never known bent-grass to be used in any forage plantings, while red top is used in forage plantings to grow hay. He made a commercial distinction between bent-grass and red top, and testified that one never is sold as the other.

The witness also testified:

Q. First, does the term "Genus Agrostis" mean anything to you?
A. Well, it brings to mind bent grass or Red Top.
Q. By that do you mean that they both fall within that species?
A. They both do, yes.

This testimony indicates there may be some differences in commercial designation and use of the terms "bent-grass" seed and red top seed. ▪ However, such differences are not pertinent here where the issue is solely that of Congressional intent as determined from the common meaning of terms used in the tariff act. "The meaning of a tariff term is presumed to be the same as its common or dictionary meaning in the absence of evidence to the contrary." *August Bentkamp* v. *United States*, 40 CCPA 70, 78; C.A.D. 500.

▪ In determining common meaning the court may accept or reject evidence of such meaning and may, as an aid, consult dictionaries, and other authorities. *United States* v. *Tropical Craft Corp., Successors to Tropical Craft Import & Export Corp.*, 42 CCPA 223, 227, C.A.D. 598.

Judge Johnson dissented from the majority decision of the Third Division in the present case because of differences as to what he found to be the common meaning of the term "bent-grass (genus agrostis)" as used in par. 763 as modified, supra. The majority opinion appears to rely heavily on a statement attributed to Paxton's Botanical Dictionary, p. 19, that "*Agrostis* is the name for all grasses." From this, the majority reasoned that the term "bent-grass (genus agrostis)" in par. 763 as amended, supra, was an *eo nomine* provision limited to bent-grass of the named genus which interpretation was believed to be necessary to give effect to the n.s.p.f. provision as to "grass seeds and other forage crop seeds" in the same paragraph.

Judge Johnson, drawing from a wide group of listed authorities, concluded that grasses were grouped in the family *gramineae* and that agrostis was a genus within this family, from which he reasoned that Congress intended all seeds of bent-grass (genus agrostis) to

come within that term as used in par. 763 as modified, supra, and that the n.s.p.f. provision applied to "grass seeds and other forage crop seeds" not falling within this genus.

The botanical classification of grasses in *Gray's New Manual of Botany*, as rearranged and revised by Robinson and Fernald, Seventh Edition (1908), identifies the grass family as *"Gramineae"* and classifies *agrostis* as No. 32 of Tribe VI *Agrostideae* of sub-family II– *Poacoideae*. This identification follows the classical principles of botanical classification, based on which the description of *genus agrostis* is given as:

> Spikelets 1–flowered; glumes subequal and acute, longer than the broad obtuse lemma which is awnless or dorsally awned; palea hyaline, shorter than the lemma, or obsolete; grain loosely inclosed in the lemma.—Annuals or perennials with usually flat scabrous leaves, membranaceous ligules and open or contracted panicles.

*Agrostis* is also listed in *Gray* as "Agrostis, Bent Grass."

Gray further characterized the species *"agrostis alba"* as having a "palea at least one-half as long as the lemma, 2-nerved." A further description of *agrostis alba* is then given as follows:

> 1. A. alba L. (FIORIN OR WHITE B., *RED TOP*.) *Rootstocks creeping or stoloniferous;* culms 3–10 dm. high, often decumbent at base; leaves flat, stiff and upright to lax and spreading, the ligule 4–5 mm. long; panicle 5–30 cm. long, contracted after flowering greenish, purplish, or brownish, the branches slightly rough; lemma nearly equaling the glumes, 3-nerved, rarely short-awned, *the palea ½–⅔ as long.*—Meadows and fields; a valuable grass naturalized from Eu. and native northw. and westw. VAR. VULGARIS (With.) Thurb. (*RED TOP*, HERD'S GRASS of Pa., etc.) Culms lower, more slender, with narrow leaves; *panicle* smaller and more divaricate, *not contracted after flowering;* ligule short and truncate. (A. *vulgaris* With.)—Dry knolls and hills. (Nat. from Eu. and cultivated, also perhaps indigenous.) FIG. 103—One form (A. *Stolonifera* auth., not L) is cultivated as a lawn grass under the name *CREEPING BENT*.

Samples of the seed in issue were sent to the Department of Agriculture pursuant to the requirements of the Federal Seed Act, Section 302(a) of Title III, 53 Stat. 1275 (R. 21–22, 24–25). The Department of Agriculture has certified these seeds to be red top seed. The certification that the seed was entitled to admission under the Federal Seed Act was received in evidence as a part of the official papers and there is no issue as to the correctness of this certification. Since, therefore, we are dealing with seed admitted to be red top seed, the only question is whether it is properly classified as genus agrostis, which also includes bent-grass seed. The collector classified the seed as "bent-grass (genus agrostis)," and we find nothing in the record to rebut the presumption of correctness as to the factual basis for this classification.

It remains, however, for us to determine whether as a legal proposition Congress intended red top seed to be so classified for tariff purposes. We think it is significant, as more fully pointed out in Judge Johnson's opinion, that at the time of passage of the Tariff Act of 1930, par. 763 had been given some consideration as to whether or not it included red top seed in the "bent-grass" provision. The Senate amendment which added the botanical classification "(genus agrostis)" and increased the rate of duty from 10 cents per pound to 40 cents per pound seems to us to indicate a recognition by Congress of the problem of classification of such seeds. The addition of the classification "(genus agrostis)" to the former provision for "bent-grass" was done in the light of letters which had specifically called the attention of the Committee on Ways and Means of the House of Representatives (Tariff Readjustment of 1929, Hearings before the Ways and Means Committee, House of Representatives, Vol. 7, p. 4865) to the inclusion of red top within the genus agrostis and expressed the fear that unless red top was so included, the protection which was sought for the other bent-grass seeds would be nullified by imports of such seeds as red top seed. Had Congress desired to restrict the classification as contended for by appellee, and as found by the majority opinion of the Third Division, it could have done so by the use of appropriate exclusionary language. Having failed to do so, we hold that the term "bent-grass (genus agrostis)" as used in par. 763 as modified, supra, was intended to include the seeds of all bent-grass of the agrostis genus. Since by common meaning this includes the seeds of red top, we *reverse* the judgment below.